HARVEY and TYLEE *vs.* WOOD.

Where, on an execution in an action of *debt on judgment,* sufficient is levied to
satisfy the original judgment, the plaintiff must apply the money levied in
satisfaction of such judgment, although there be not enough to discharge
the costs as well as the debt recovered by the second judgment.

DEMURRER to declaration. The declaration is on a *sci-
re facias* to revive a judgment obtained by the plaintiffs
against the defendant for $215,99 in asumpsit. The de-
fendant pleads, 1. *Nul tiel record;* and 2. That the plain-
tiffs sued him on the judgment in which execution is now
sought, and in October term, 1825, recovered a judgment
for $215,99, their said debt, and also $158,79, costs of suit;
that in August, 1827, an execution was sued out on the last
mentioned judgment, by virtue of which his lands were sold,

which brought the sum of $395; and the sheriff returned that the sum of $369,50, after deducting his fees, &c. was levied upon the execution. The defendant then averred that the said sum of $369,50 *fully paid and satisfied*, the judgment set forth in the plaintiffs' declaration, together with the interest thereon; wherefore he prayed judgment if the plaintiffs ought to have execution, &c. To the second plea, the plaintiffs demur.

*J. A Spencer*, for the plaintiffs. The plaintiffs had the right to apply the proceeds of the sale of the defendant's lands first in satisfaction of the *costs* of the judgment under which the execution issued, and secondly towards satisfaction of the debt; by doing so, a portion of the debt, together with the interest thereof, remained unpaid, leaving it optional with the plaintiffs to proceed by *scire facias* under either judgment. A recovery of a judgment upon a former judgment is no bar to a *scire facias* upon the first judgment. *Cro. Eliz.* 817, 608.

*C. P. Kirkland*, for the defendant. The plea shews that the whole amount of the first judgment has been collected and paid, unless the plaintiffs be permitted to apply part of the proceeds in payment of the *costs* of the second suit. The payment was by process of law, and the law, therefore, will apply it to that debt the payment of which is most favorable to the defendant. 9 *Cowen*, 747, 775, *n.* 9 *Wheaton*, 720. Suits on judgments are not favored. Every principle of policy and justice demands that the plea should be sustained.

*By the Court*, SUTHERLAND, J. The plea is good; it shews that more than sufficient has been collected by the plaintiffs on their last judgment to satisfy the original judgment and the interest thereof. The law makes the application of the money received by the plaintiffs to the original judgment, which thereby becomes extinguished. The proceedings of the plaintiffs are oppressive by thus unnecessarily accumulating costs. The effect of the argument urged upon us by the plaintiffs would be to keep alive two judg-

ments, which might be injurious to *liens* obtained by other creditors subsequent to the first and prior to the second judgment.

UTICA,<br>July, 1830.

Judgment for defendant.