## FORMAN v. LAWRENCE.

*Administrators — judgment against deceased person — accounting of — practice upon accounting.*

Plaintiff, who held a judgment against a deceased person, presented the same to the administrators of his estate, who had assets. They refused to pay, claiming that it had been paid, and also refused to refer the claim. The surrogate, upon the final accounting, suspended the same to enable an action to be brought in the Supreme Court to determine the validity of the judgment. An action was brought for that purpose and for an accounting; the judgment declared valid, an accounting had, and the administrators ordered to pay the assets in their hands to the plaintiff. The payment not being made, plaintiff petitioned the surrogate for an order compelling the administrators to account and that they pay plaintiff's debt. *Held,* (1) that the surrogate had not the power to determine whether the judgment was paid and the action was properly brought by plaintiff; (2) that the accounting was transferred to the Supreme Court; (3) that the validity of the original judgment was established by the second judgment, but the first judgment remained in force and priority; (4) that the surrogate could not compel a new accounting; (5) but he had power, and it was his duty, to direct the payment to the plaintiff of the assets ordered to be paid by the Supreme Court, and, in case such assets had been distributed, to direct an action on the administrators' bond for their amount.

APPEAL by Eugene Forman, a creditor of the estate of Henry Lawrence, deceased, from a decree of the surrogate of Onondaga county, denying the petition of the appellant praying an accounting by Elijah C. Lawrence, surviving administrator of said estate, and one of the respondents. Sufficient facts appear in the opinion.

*E. Forman* and *D. Pratt,* for appellant.

*Lyman & James,* for respondents.

Present — MULLIN, P. J., E. DARWIN SMITH and GILBERT, JJ.

MULLIN, P. J. In March, 1859, the plaintiff recovered in this court a judgment against Henry Lawrence for the sum of $620.29. An execution was issued on this judgment, and returned *nulla bona.* In December, 1869, said Lawrence died intestate, and

Martha C. Lawrence and Henry Lawrence were appointed administrators of his estate; they duly qualified and assumed the duties of said office. Said administrators filed an inventory showing assets, amounting to $737.82, over and above what was set apart to the widow. In June, 1870, said administrators obtained an order from the surrogate requiring creditors to present their claims, which order was duly published. In the same month, plaintiff presented to said administrators a transcript of his judgment, and claimed that the same be allowed as against the estate of said Lawrence. In March, 1871, the administrators procured from the surrogate a citation to the creditors and next of kin of said Lawrence, to attend a final accounting of the administrators. They filed an account with the surrogate by which it appeared that they had received $717.09. The administrators insisted, before the surrogate, that plaintiff's judgment was paid since the death of the testator by money received by plaintiff upon an insurance policy, upon the life of the intestate, effected by plaintiff, and the premiums on which he had himself paid. The surrogate refused to try the question thus raised, and suspended the accounting until the validity of the judgment should be determined by proceedings, to be instituted by the plaintiff. Thereupon the plaintiff commenced an action in this court in which the facts above stated, among others, were alleged. He asked judgment that the administrators render an account of the estate of the intestate, and of all debts and claims against the said estate, especially those held by persons in other States, and that the administrators be decreed to pay plaintiff's judgment according to its priority, and that the other creditors be permitted to come in on the foot of the decree in said action, and have a settlement, distribution and payment of their debts and demands.

The defendants set up, by way of defense, payment of the judgment by means of the policy of insurance; that said claim was presented to and rejected by said administrators, and action not brought within the time limited by statute, and that, because said action was not brought within such time, they have paid other debts and are without assets in their hands to pay said judgment.

The issues thus formed were referred to a referee for hearing and decision, and, after hearing the parties, he found and decided that plaintiff's judgment was not paid, and he ordered judgment, that defendants account with, and pay over to said plaintiff, $610.39,

being the balance in their hands belonging to said estate, after deducting the credits allowed to said administrators, together with $111.41, interest on said judgment, with the costs of the action, and that plaintiff and other creditors be at liberty to apply for payment out of assets when received.

After the entry of this judgment, and in February, 1874, the plaintiff presented to the surrogate a petition praying an order requiring the surviving administrator to show cause why he should not render an account of his proceedings as administrator, and why an order should not be made directing the payment of his judgment entered in March, 1859. Said administrator appeared and filed an account, and stated that the accounting commenced by the administrators, and all proceedings thereon, were withdrawn and discontinued. The surrogate proceeded to receive evidence offered by the plaintiff, being the judgment of March, 1859, and an execution issued thereon, and returned *nulla bona*, and also the judgment secondly above mentioned, and it appearing to the surrogate that a full accounting was had in the Supreme Court, and that no assets had come into defendant's hands since such accounting, it was ordered by the surrogate that said application be denied and the proceedings therein dismissed. From that order the plaintiff appeals.

The judgment recovered by the plaintiff against the intestate was conclusive evidence of the indebtedness on which that judgment was recovered, and unless reversed or paid it was the duty of the administrator to pay it. They alleged it was paid, and, as the surrogate could not try that question, the plaintiff had no remedy except to bring an action upon it. The administrator refused to consent to refer the question, and thereupon the plaintiff brought a suit in equity to obtain an accounting as well as establish the validity of his judgment. By bringing the action to account, that proceeding was transferred from the surrogate's court to the Supreme Court. The accounting could be taken by either, and the account, when taken, was conclusive upon the parties so long as it was unopened. The Supreme Court had the same power to enforce its judgment that the surrogate would have had, had the accounting been taken in his court, except that the Supreme Court could not direct the prosecution of the administrator's bond. This could only be done by the surrogate. The surrogate was right, therefore,

in refusing to enter upon an accounting after the judgment in this court, in which an account was stated.

By section 19a, 2 R. S. 116, the surrogate can order the administrator's bond to be prosecuted, when he has refused or omitted to perform a decree made against him by the surrogate for the payment of a debt, etc. It was necessary therefore that plaintiff should get an order of the surrogate requiring the administrator to pay his judgment before he could ask for an order for the prosecution of the bond.

The order of the surrogate recites that the plaintiff, in his petition, prays for an order requiring the administrator to show cause, among other things, why an order should not be made directing the payment of plaintiff's debt. That order the surrogate had power to make. No reason is perceived why the plaintiff, in a judgment in the Supreme Court, may not call upon the surrogate for an order requiring the administrator to pay the judgment, with the same force and effect as any other claim. It is a debt which the surrogate may require the administrator to pay. It is no answer to such an application to say that the Supreme Court had power to enforce its own judgment by execution, or by punishing the administrator as for a contempt; for if it be true, as is alleged in defendant's answer, that they have applied the assets in good faith in payment of other debts, there is nothing to which plaintiff can resort to obtain payment of his debt except the bonds of the administrators.

It may be that the pretense that they applied the assets in good faith in payment of other debts is not well founded, but whether it is or is not it presents a case which shows the necessity of a resort to the bond.

It was urged upon the trial, and the point is again made here, that by bringing an action on the judgment the plaintiff lost the preference he had by virtue of the first judgment.

There are numerous cases which hold that when a judgment is recovered in an action upon a prior judgment the latter is not extinguished; the second judgment is of no higher nature than the first. 4 Abb. Dig. 47, pl. 243.

It would be very unjust to permit the personal representatives of a deceased judgment debtor to defeat the preference given by the statute to a creditor by judgment against the intestate recovered in his life-time, by disputing the claim and thus compelling the

creditor to bring suit upon it, in order to establish its validity, or rather the falsity of the grounds of refusal to allow it. All that was accomplished by the recovery of the second judgment was to place the claim in the same situation it would have been had it been allowed by the administrators. The first judgment was still in force for the purpose of giving the plaintiff a preference in payment out of the assets in defendant's hands.

It was held by the chancellor in *Purdy* v. *Doyle*, 1 Paige, 558, that upon the recovery of a judgment upon a prior judgment the lien of the first was lost. This decision was made in 1829. In 1823 the Supreme Court decided, at special term, in the case of *Mumford* v. *Stocker*, 1 Cow. 178, that bringing a suit on a judgment, and recovering judgment therein, is not a satisfaction of the first. In *Harvey* v. *Wood*, 5 Wend. 221, it was held that, when an execution in an action of debt on judgment, sufficient is levied to satisfy the original judgment, the plaintiff must apply the money levied in satisfaction of the original judgment, although there is not enough to pay the costs, as well as the debt recovered by the second judgment. See also *Planter's Bank* v. *Calvit*, 3 Sm. & Marsh. 199.

I am of the opinion that we should follow the cases in this court rather than that of *Purdy* v. *Doyle, supra,* and that the recovery of second judgment does not deprive the plaintiff of the preference acquired by the first.

My conclusions are: 1st. That the surrogate had not the power to try the question whether the original judgment was paid, and a suit to determine that question was properly brought by the plaintiff. 2d. By the complaint in that action the accounting was taken from the Surrogate's Court and transferred to the Supreme Court. 3d. That the effect of the action in the Supreme Court was to establish the validity of the original judgment, and to give to it the same force and effect as if it had been allowed by the administrators, when presented to them. 4th. That the surrogate was right in refusing to enter upon the accounting. 5th. That upon presenting to the surrogate the judgment in the Supreme Court establishing the validity of the judgment, and the statement of the administrators' account, showing a balance in their hands applicable to plaintiff's judgment, it was his duty to make an order that the administrators apply the assets in their hands to the payment of the judgment; and, if they should show that they had been

misapplied, it would be his further duty to direct suit on the administrators' bonds.

The order of the surrogate is reversed and proceedings remitted to the surrogate, with directions to him to grant the plaintiff the relief prayed for in his petition, costs to be paid out of assets hereafter received by administrator.

*Ordered accordingly.*